IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLLAR JOBS, LLC, et al., | ) CASE NO. 1:22-CV-1892 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| BENJAMIN STOCUM, et al., | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) |

## I. INTRODUCTION

This matter is now before the Court on Third-Party Defendant Geoffrey Loree's ("Loree") *Motion to Dismiss Third-Party Complaint*, (ECF #42), for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). The Third-Party Complaint was filed by Defendants/Third-Party Plaintiffs Benjamin Stocum ("Stocum") and Delta Diversified LLC ("Delta Diversified") against Loree as part of *Defendants' Answer to Plaintiffs' Complaint, Counterclaim, and Third-Party Complaint*, (ECF #11, PageID #325-27). Defendants/Third-Party Plaintiffs Stocum and Delta Diversified filed their opposition to the motion to dismiss, (ECF #43), and Third-Party Defendant Loree has filed his response, (ECF #46). After considering the pleadings filed in connection with Third-Party Defendant Loree's motion, and the arguments and case law cited therein, for the reasons stated below, the motion to dismiss is DENIED.

## II. THE CLAIMS ASSERTED IN THE CASE

### A. Plaintiffs' Complaint

Plaintiffs' complaint, titled *Verified Complaint and Derivative Complaint for Preliminary and Permanent Injunction, and Money Damages*, (ECF #1), asserted fifteen claims against Defendants Delta Diversified, Stocum, and nine employees of and Collar Diversified, LLC ("Collar Diversified"), a joint venture between Plaintiff Collar Jobs, LLC ("Collar Jobs") and Defendant Delta Diversified, identified as Cheryl Pearson, Christina Rakich, Regina Ziccardi, Abigail Burke, Cullen Berelka, Emily Slak, Cassidy Czikray, Madison Lewis, and Sean Hyde.

The claims of the complaint were: misappropriation of trade secrets on behalf of Collar Jobs against all Defendants under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* (Count I); misappropriation of trade secrets on behalf of Collar Jobs against all Defendants under the Ohio Uniform trade Secrets Act, Ohio Rev. Code § 1333.61, *et seq.* (Count II); misappropriation of trade secrets on behalf of Collar Diversified against all Defendants under the Defend Trade Secrets Act (Count III); misappropriation of trade secrets on behalf of Collar Diversified against all Defendants under the Ohio Uniform trade Secrets Act (Count IV); breach of the Operating Agreement on behalf of Collar Jobs against Delta (Count V); breach of the Operating Agreement on behalf of Collar Diversified against Delta (Count VI); breach of fiduciary duty on behalf of Collar Jobs against Delta (Count VII); breach of fiduciary duty on behalf of Collar Diversified against Delta (Count VIII); breach of noncompete obligations on behalf of Collar Diversified against Employees (Count IX); breach of nondisclosure obligation on behalf of Collar Jobs against Employees (Count X); tortious interference with contractual relationship on behalf of Collar Diversified against Defendants Stocum and Delta (Count XI); tortious interference with

contractual relationship on behalf of Collar Jobs against Defendants Stocum and Delta (Count XII); conversion on behalf of Collar Jobs against all Defendants (Count XIII); conversion on behalf of Collar Diversified against all Defendants (Count XIV); and a prayer for preliminary and permanent injunction (Count XV). (ECF #1, PageID #24-39, ¶¶ 129-227).

### B. Defendants' Counterclaim and Third-Party Complaint

Defendants responded to the complaint with *Defendants' Answer to Plaintiffs' Complaint, Counterclaim, and Third Party Complaint*. (ECF #11). Defendants' counterclaims against Plaintiff Collar Jobs assert: fraud (Count I); fraudulent inducement (Count II); breach of contract (Count III); and breach of fiduciary duties (Count IV). (ECF #11, PageID #315-324, ¶¶ 1-78).

The third-party complaint asserts claims against Geoffrey Loree, who owns and operates Plaintiff Collar Jobs through Park Resilience Holdings, LLC, alleging: fraud (Count I); fraudulent inducement (Count II); breach of contract (Count III); and breach of fiduciary duties (Count IV). (ECF #11, PageID #325-326, ¶¶ 1-11). The wording of Defendants/Third-Party Plaintiffs' third-party complaint against Loree follows the general pattern of incorporating the paragraphs of their counterclaim against Plaintiff Collar Jobs, LLC ("Collar Jobs"), and then asserts said claim against Loree "as if fully rewritten herein against Third-Party Defendant Loree."

### III. THIRD-PARTY DEFENDANT LOREE'S MOTION

The gist of Loree's motion is that "Third-Party Plaintiffs do not assert any independent fact allegations against Mr. Loree. Instead, they incorporate the fact allegations and claims contained in Third-Party Plaintiffs' Counterclaim against Collar Jobs, LLC, . . . and reassert them a allegations and claims against Mr. Loree in his individual capacity." (ECF #42-1).

Specifically, as to the breach of contract claim (Count III), Loree asserts that Third-Party Plaintiffs do not allege any contract between Loree and Delta Diversified or Stocum; as to the breach of fiduciary duty claim (Count IV), Loree asserts that Third-Party Plaintiffs do not identify a relationship between themselves and Loree giving rise to fiduciary duties; and as to the fraud and fraudulent inducement claims (Counts I and II, respectively), Loree asserts that the Third-Party Complaint does not identify statements by Loree other than those claimed to have been made by Loree on behalf of Collar Jobs. (ECF #42-1, PageID #1176).

Defendants/Third-Party Plaintiffs respond by asserting that the allegations of the Third-Party Complaint meet the minimum sufficiency to survive a motion to dismiss, and particularly assert that "It is clear that the contents of both the Counterclaim and Third-Party Complaint refer to actions taken by Loree under the guise of being taken by [Collar] Jobs." (ECF #43). Defendants/Third-Party Plaintiffs further assert that:

> It is well established that the corporate form may be disregarded, and officers and shareholders of a corporation may be found liable for their tortious conduct. *Belvedere Condominium Unit Owners' Assn v. R.E. Roark Cos., Inc.*, 67 Ohio St. 3d 274, 1993 Ohio 119, 617 N.E.2d 1075 (Ohio 1993). . . . Generally, piercing the corporate veil requires the plaintiff to show sufficiently complete control over the corporation by those to be held liable, the control was exercised to commit fraud or some egregious wrong, and injury or unjust loss resulted from the control and wrongdoing. *McElroy v. FirstEnergy Corp.*, 824 F. App'x 97,99 (3d Cir. 2020), citing *Dombroski v. Wellpoint, Inc.*, 119 Ohio St. 3d 506, 2008-Ohio-4827, 895 N.E.2d 538.

(ECF #43, PageID #1204).[1]

---

[1] The parties are in agreement that the appropriate standard to be used to determine if a complaint seeking to pierce the corporate veil is adequately pled under Ohio law is that set forth in *Dombroski v. Wellpoint*, otherwise referred to as the "*Belvedere-Dombroski*" test, which requires a plaintiff seeking to pierce the corporate veil to show: "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will or existence of its own, (2) control over the corporation by those to be

Defendants/Third-Party Plaintiffs conclude by asserting that the issues of corporate control and piercing the corporate veil are matters more appropriately raised in a motion for summary judgment.

At this state of the litigation, while discovery is still ongoing, the Court finds that these issues of corporate control, such that Loree might be held personally liable, are issues for summary judgment pleading rather than final determination on a motion to dismiss.

As noted in the Court's earlier *Memorandum of Opinion* denying Plaintiffs' motion for preliminary injunction, (ECF #34), Collar Jobs is 100% owned by an entity named Park Resilience Holdings, and Park Resilience Holdings is 100% owned by Collar Jobs' (and Park Resilience Holdings') principal Geoffrey Loree ("Loree"). (ECF #16 [Hearing Tr. 11/01/22], PageID #379-380 (*Loree*)). While this fact alone does not warrant an automatic finding that Loree so controlled Collar Jobs such that the corporate identity of Collar Jobs, or in turn Park Resilience Holdings, should be ignored to assert claims against Loree individually, the following assertion, stated in paragraph 35 of Defendants/Third-Party Plaintiffs' Counterclaim, later incorporated in the Third-Party Complaint, appears to meet the minimum threshold of alleging possible complete control by Loree over Collar Jobs to warrant further exploration through discovery on the issue: "In particular, Stocum was concerned that all of Collar Diversified's systems (such as Bullhorn, email, and phones) were controlled entirely by Loree and Plaintiff."

---

held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *McElroy v. FirstEnergy Corp.*, 824 F. App'x 97,99 (3d Cir. 2020). (*See* ECF #43, PageID #1204 [*Defendants/Third-Party Plaintiffs' Memorandum in Opposition*] and ECF #46, PageID #1244 [*Third-Party Defendant's Reply*]).

(ECF #11, PageID #318). This assertion is incorporated into Count I of the Third-Party Complaint at paragraph 45, Count II at paragraph 59, Count III at paragraph 65, and Count IV at paragraph 73. Moreover, as to the fraud and fraudulent inducement claims of Counts I and II (incorporating the allegations of the Counterclaim), Defendants/Third-Party Plaintiffs assert that each of the allegedly fraudulent representations were made by "Plaintiff [Collar Jobs], through Loree." (ECF #11, Counterclaim at paragraphs 46 through 48).

Admittedly, these allegations likely represent the absolute minimum sufficient to meet the *Belvedere-Dombroski* test, yet the Court finds that they do satisfy the test. Further discovery may well show that the claims of the Third-Party Complaint, seeking to pierce the corporate veil to reach Loree individually, cannot survive a later motion for summary judgment. But at this stage of the litigation, with discovery ongoing, and Defendants/Third-Party Plaintiffs having made minimally sufficient allegations to satisfy the *Belvedere-Dombroski* test, dismissal under Federal Rule of Civil Procedure 12(b)(6) in not warranted.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Third-Party Defendant Loree's motion to dismiss is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 27, 2023

-6-